IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EARTHA MCMILLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Cause No.:  22-cv-1125 |
| | ) |
| MERCY HOSPITAL SOUTH, | )   **Jury Trial Demanded** |
| | ) |
| | ) |
|    Defendant. | ) |

## **COMPLAINT**

### **Parties and Jurisdiction**

1. Plaintiff Eartha McMiller is a resident of Missouri. At all times relevant, she was employed by Defendant Mercy Hospital South located in St. Louis County, State of Missouri. Plaintiff is an African American female, who is over the age of 40.

2. At all times relevant herein, Defendant Mercy Hospital South was and is a non-profit corporation organized and existing under the laws of the State of Missouri with the capacity to sue and be sued in its own name.

3. This action is brought pursuant to 29 U.S.C. § 621 *et seq*, 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. § 1981. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. Plaintiff requests a jury trial pursuant to F.R.C.P 38(b).

### **Facts Common to All Counts**

6. Plaintiff was hired by Mercy Hospital South (hereinafter "Defendant") on February 10, 2020 as an environmental services supervisor. Plaintiff's roles and responsibilities included

1

running the shift, assigning cleaning tasks and duties to subordinates, verifying quality of work by subordinates, and providing support and assistance to subordinates as necessary.

7. Plaintiff is in a protected class based on her race, African American, and her age, over 40.

8. In May 2020 Tonya Calhoun ("Calhoun") became Plaintiff's supervisor. Calhoun had the power and authority to positively and/or negatively affect her employment.

9. During her employment, Plaintiff experienced a racially hostile work environment, discrimination, and retaliation at the hands of Calhoun.

10. Calhoun was and is prejudice against African Americans, and created a hostile work environment for African Americans, including Plaintiff.

11. Calhoun unfairly scrutinized the work of Plaintiff and other African Americans employed by Defendant, resulting in the termination of at least two other African American employees of Defendant, besides Plaintiff, and causing at least three other African American employees to quit.

12. By way of example, Calhoun would offer training to Caucasian employees but did not offer such opportunities to African Americans. Calhoun arranged for Caucasian employees to go through a structured training program with Defendant's training personnel, while African Americans, including Plaintiff, were placed on shifts and expected to learn the role by asking for help from subordinates and shadowing other employees.

13. Calhoun would talk down to, and demean, Plaintiff and other African American employees, but would not be degrading to Caucasian employees. Calhoun played favoritism with Caucasian employees giving them preference on shifts, assignments, and giving them leeway when they were late.

14. Calhoun would permit insubordination by Caucasian employees to Plaintiff and fail to discipline them in accordance with the policies and procedures Defendant had in place.

15. Calhoun also undermined Plaintiff to Plaintiff's subordinates by going behind Plaintiff's back telling her subordinates not to follow Plaintiff's directions.

16. In December 2020, Plaintiff reported to Calhoun's manager that herself and other African American employees were being discriminated against and being subjected to a hostile work environment by Calhoun. Plaintiff specifically told the manager that Calhoun's discrimination was specifically based on her, and the other employees', race. Plaintiff also told the manager that the harassment she experienced was also based on her age.

17. Shortly after complaining of racial discrimination, Calhoun began retaliating against Plaintiff.

18. After Plaintiff Complained, Calhoun began a campaign against Plaintiff levying unsupported accusations against her of having poor communication skills, confusing her subordinates, not assisting on hospital floors, treating subordinates unfairly, and not following through on direction.

19. Calhoun also issued verbal and written warnings against Plaintiff based on these fabrications. Calhoun also issued warnings to Plaintiff for issuing corrective actions to employees without prior approval even though Caucasian supervisors did not receive warnings for similar behavior.

20. Plaintiff subsequently complained to Calhoun's manager on multiple other occasions regarding Calhoun's campaign of retaliation, however Defendant refused to investigate the complaints.

3

21. Contrary to Calhoun's efforts to suggest otherwise, Plaintiff was qualified to perform her position. In July 2021, Plaintiff was acknowledged for her hard work, collaboration, and teamwork. During her employment, Plaintiff performed her job duties successfully.

22. On August 9, 2021 Plaintiff was terminated from her employment.

23. Plaintiff was subsequently replaced by a Caucasian woman under the age of 40.

24. On December 14, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission.

25. The EEOC issued Plaintiff a "right to sue letter" on July 28, 2022.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF ADEA

For Count I of Plaintiff's cause of action against Defendant, Plaintiff states:

26. Plaintiff alleges and incorporates by reference as if fully set forth herein all preceding paragraphs of this Complaint.

27. Plaintiff was a member of a protected class because she was over the age of 40.

28. Plaintiff was qualified to perform the duties of her position and met Defendant's legitimate job expectations at the time of her wrongful discharge.

29. Plaintiff suffered an adverse employment action when she was fired by Defendant because of her age.

30. Plaintiff's replacement was under the age of 40.

31. Any purported reasons offered by Defendant for Plaintiff's discharge are nothing but pretext to cover-up Plaintiff's illegal termination because of her age.

32. The actions and practices complained of herein were in violation of Plaintiff's rights secured by 29 U.S.C. § 621 *et seq.*

33. As a direct and proximate result of the acts of Defendant as alleged herein, Plaintiff was wrongfully discharged, resulting in lost wages and other benefits of employment.

34. As a direct and proximate result of the acts of Defendant as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

35. The conduct of the Defendant as set forth herein was wanton, willful, and showed reckless indifference to Plaintiff's statutory rights as set forth above and/or its conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against the Defendant appropriate to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all losses or damages she has suffered, including lost wages and other benefits of her employment;

B. Award Plaintiff damages for her emotional injuries, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment stress, and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against the Defendant in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D. Award Plaintiff the costs of this action, together with her reasonable costs and attorneys' fees and/or other relief as may appear to the Court to be just under the circumstances.

## COUNT II
### TITLE VII CLAIM: RACE DISCRIMINATION

For Count II of Plaintiff's cause of action against Defendant Mercy Hospital South, Plaintiff states:

36. Plaintiff realleges and incorporates by reference as if fully set forth herein the preceding paragraphs of her Complaint.

37. Plaintiff is a member of a protected class as an African American.

38. Plaintiff was qualified for her position and meeting her employer's legitimate job expectations when she was wrongfully terminated by Defendant.

39. Plaintiff was discriminated against by Defendant because of her race as described above, which culminated in Defendant's wrongful discharge of Plaintiff on or about August 9, 2021.

40. Plaintiff's discharge occurred under circumstances that give rise to an inference that her race was the motivating factor in her wrongful discharge.

41. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq*.

42. As a direct and proximate result of the acts of the Defendant alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

43. As a direct and proximate result of the acts of the Defendant as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of professional reputation.

44. The conduct of the Defendant as set forth herein was wanton, willful, and showed reckless indifference to Plaintiff's statutory rights as set forth above and/or its conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an

award of punitive damages against the Defendant appropriate to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant and thereafter:

A.     Order Defendant to make Plaintiff whole for any and all losses or damages she has suffered, including lost wages and other benefits of her employment;

B.     Award Plaintiff damages for her emotional injuries, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment stress, and loss of personal and professional reputation;

C.     Award Plaintiff punitive damages against the Defendant in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.     Award Plaintiff the costs of this action, together with her reasonable costs and attorneys' fees and/or other relief as may appear to the Court to be just under the circumstances.

## COUNT III
## HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII

For Count III of Plaintiff's cause of action against Defendant, Plaintiff states:

45.     Plaintiff alleges and incorporates by reference as if fully set forth herein, the preceding paragraphs of her Complaint.

46.     Plaintiff is a member of a protected group in that she is African American and over the age of 40.

47.     As set forth above, Plaintiff was subjected to unwelcome harassment because of her race and age.

48.     The harassment Plaintiff experienced lasted through the date of her termination.

49. Plaintiff's membership in these protected groups was a motivating factor in the hostile work environment she suffered until her wrongful discharge.

50. The terms, condition, and/or privileges of Plaintiff's employment were affected by the hostile work environment described above in that Defendant created an intimidating, hostile or offensive work environment and/or its conduct had the purpose and/or effect of unreasonably interfering with Plaintiff's work performance.

51. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq*.

52. As a direct and proximate result of the Defendant's alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation because she must report her termination and/or constructive discharge to prospective employers.

53. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, as described factually herein, making an award of punitive damages against it appropriate in this case.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all losses or damages she has suffered, including lost wages and other benefits of her employment;

B. Award Plaintiff damages for her emotional injuries, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment stress, and loss of personal and professional reputation;

C.  Award Plaintiff punitive damages against the Defendant in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.  Award Plaintiff the costs of this action, together with her reasonable costs and attorneys' fees and/or other relief as may appear to the Court to be just under the circumstances.

## COUNT IV
## PLAINTIFF'S RETALIATION CLAIM UNDER TITLE VII

For Count IV of Plaintiff's cause of action against Defendant Mercy South, Plaintiff states as follows:

54. Plaintiff incorporates all preceding paragraphs of her Complaint as if fully set forth herein.

55. During her employment, Plaintiff suffered harassment and discrimination as described above.

56. Defendant retaliated against Plaintiff by firing her because she opposed practices prohibited by 42 U.S.C. §2000(e) when she complained about race discrimination/hostile work environment and retaliation from Calhoun to which she was subjected to.

57. Plaintiff suffered an adverse employment action when she was fired.

58. A causal connection exists between Plaintiff's protected activity and her termination.

59. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq*.

60. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

61. As a direct and proximate result of the acts and/or omissions complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental

9

anguish, loss of enjoyment of life, humiliation and stress, and loss of personal and professional reputation.

62. Defendant's conduct was outrageous because of its evil motive or reckless indifference to the rights of others, making an award of punitive damages against Defendant appropriate in this case to punish it and to deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all losses or damages she has suffered, including lost wages and other benefits of her employment;

B. Award Plaintiff damages for her emotional injuries, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment stress, and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against the Defendant in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D. Award Plaintiff the costs of this action, together with her reasonable costs and attorneys' fees and/or other relief as may appear to the Court to be just under the circumstances.

## COUNT V
## VIOLATION OF PLAINTIFF'S RIGHTS SECURED
## BY 42 U.S.C. SECTION 1981

For Count V of Plaintiff's cause of action against Defendant, Plaintiff states:

63. Plaintiff incorporates by reference as if set forth fully herein the preceding paragraphs of her Complaint.

64. Plaintiff is a member of a protected group in that she is African American.

65. As set forth above, Plaintiff was subjected to unwelcome harassment because of her race.

66. Thereafter, as set forth above, Plaintiff was fired by Defendants because of her race.

67. Plaintiff's race was the determining factor in Defendant's decisions to fire Plaintiff.

68. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer lost wages and other benefits of employment.

69. As a direct and proximate result of the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

70. The conduct of Defendants as set forth herein was wanton, willful, and showed a reckless indifference to Plaintiff's statutory rights as set forth above, making an award of punitive damages appropriate to punish them and to deter them and others from like conduct in the future.

WHEREFORE, Plaintiff prays this Court enter judgment in her favor and against all Defendants and thereafter:

A. Order Defendants to make Plaintiff whole for any and all losses or damages she has suffered, including lost wages and other benefits of her employment;

B. Award Plaintiff damages for her emotional injuries, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, embarrassment stress, and loss of personal and professional reputation;

C. Award Plaintiff punitive damages against the Defendants in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.	Award Plaintiff the costs of this action, together with her reasonable costs and attorneys' fees and/or other relief as may appear to the Court to be just under the circumstances.

Respectfully submitted,

PLEBAN & ASSOCIATES LAW, LLC

by:	  /s/ Benjamin P. Kates
 Benjamin P. Kates, MO Bar No. 65557
bkates@plebanlaw.com
J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666
314-645-7376 (FAX)

*Attorneys for Plaintiff*