UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EARTHA MCMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:22-cv-01125-AGF |
| ) | |
| MERCY HOSPITAL SOUTH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This employment discrimination matter is before the Court on Plaintiff's motions to compel and to continue the trial setting (ECF Nos. 37 & 39).  Plaintiff seeks to compel Defendant to disclose contact information from certain of Defendant's current and former employees in order to contact these employees for discovery. Plaintiff further seeks to continue the current trial setting of May 12, 2025, in order to complete the above-noted discovery.

Defendant has responded to the motions (ECF No. 41) and has indicated that it is facilitating the depositions or otherwise providing contact information with respect to its current employees and one of its former employees (Plaintiff's former manager) at issue and that Plaintiff can obtain contact information with respect to the other three former employees from publicly available searches, such as Missouri's Case.net system and Facebook.  Defendant asserts that it has refused to produce its last known contact information for these three former employees without their consent because of its desire to protect these individuals' privacy.  As to Plaintiff's request to continue the trial

setting and discovery schedule, Defendant states that it does not object to such request.

In her reply, Plaintiff concedes that her motion to compel has been resolved as to her former manager and the two individuals currently employed by Defendant. However, she insists that, because the names of these former employees are fairly common, she cannot easily obtain any contact information for them from publicly available sources. At a minimum, she asks that Defendant disclose the last known address, phone number, and year of birth for these witnesses.

Upon careful consideration of the parties' arguments, in light of the Federal Rules of Civil Procedure and, particularly, the proportionality concerns set forth in Rule 26, the Court will grant Plaintiff's motion to compel and will order Defendant to promptly disclose the last known address, phone number, and year of birth for the former employees at issue, subject to an appropriate protective order to be negotiated by the parties that may address Defendant's concerns related to privacy.[1]

Based on the above-noted representations of the parties, the Court will also grant Plaintiff's request to continue the trial setting. However, the Court notes this case has been pending for nearly two years, and the schedule and trial setting have already been extended numerous times due to the press of other matters and the need to complete discovery. Therefore, the Court cautions the parties to cooperate in good faith

---

[1] Defendant has not suggested or explained why any privacy concerns related to disclosure of its employment records in this respect would not be adequately protected by a protective order governing the disclosure of confidential information.

to complete the remaining discovery expeditiously and should not expect any further extensions of the schedule.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED**, as set forth above.  ECF No. 37.  Defendant shall promptly disclose the last known address, phone number, and year of birth for the former employees at issue, subject to an appropriate protective order to be negotiated by the parties that may address Defendant's concerns related to privacy.

**IT IS FURTHER ORDERED** that Plaintiff's motion to continue the trial setting is **GRANTED**.  ECF No. 39.  The parties shall file a joint proposed schedule for the remainder of this litigation by no later than **October 11, 2024**.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2024.

3